IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Edward W. Nottingham

Civil Action No. 05-cv-01629-EWN
(Criminal Action No. 01-cr-00262-EWN)

SEP 2 2 2005

UNITED STATES OF AMERICA,

v.

JAMES DOUGLAS ROE,

    Movant.

---

ORDER DENYING 28 U.S.C. § 2255 MOTION

---

    Movant James Douglas Roe has filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. I must construe the Motion liberally, because Mr. Roe is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, I should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, I will deny the Motion as barred by the one-year limitation period in § 2255.

    Mr. Roe pled guilty to one count of false statement in acquisition of a firearm in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). He was sentenced to a total of sixty-three months in prison, consecutive to the undischarged term of imprisonment, which he was serving in Summit County, Colorado, in Colorado Case No. 96-CR-96. Judgment of Mr. Roe's conviction was entered on this Court's Docket on December 10, 2002.

Movant filed a direct appeal challenging the calculation of his sentence under the Sentencing Guidelines, and the United States Court of Appeals for the Tenth Circuit affirmed my decision. See *United States v. James Douglas Roe*, No. 02-1466 (D. Colo. Jan. 8, 2004). Movant did seek certiorari review in the United States Supreme Court.

Mr. Roe raises four claims in the instant Motion. In Claims One and Four, he asserts illegal use of a prior conviction in calculating his sentence in the instant criminal case. In Claim Two, Movant claims the United States Bureau of Prisons (BOP) failed to award credit for presentence confinement, and in Claim Three, he requests that his § 2255 Motion be considered as a writ of coram nobis if he is barred by the one-year filing limitation under § 2255.

Pursuant to 28 U.S.C. § 2255, a one-year limitation period applies to motions to vacate, set aside, or correct a federal sentence.

> The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

To determine whether Movant is time-barred, I first must calculate the date on which the one-year limitation period began to run. Mr. Roe's conviction became final when the time for filing a petition for writ of certiorari in the United States Supreme Court on direct appeal expired, even though he did not seek such review. *See United States v. Burch*, 202 F.3d 1274 (10th Cir. 2000). Pursuant to Rule 13 of the Rules of the Supreme Court of the United States, Mr. Roe had ninety days after his conviction was affirmed on direct appeal on January 8, 2004, to file a petition for writ of certiorari. Therefore, Mr. Roe's conviction became final on April 7, 2004.

Mr. Roe does not allege that he was prevented by unconstitutional governmental action from filing the instant Motion sooner. He also does not assert any rights newly recognized by the Supreme Court, or that the facts supporting his claims were not or could not have been discovered during the time his direct appeal was pending.

Mr. Roe does assert that counsel was ineffective in not raising Claim One on appeal. The claim, however, is time-barred, as Applicant could have discovered counsel's failure at the time his direct appeal was pending. Therefore, I find that the one-year limitation period began to run on April 7, 2004, when Mr. Roe's conviction became final.

In the absence of any reason to toll the limitations period, Mr. Roe should have initiated this action by April 7, 2005. *See United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003). The instant § 2255 Motion was filed August 23, 2005, more than four

3

months beyond the limitation period.  Because the Motion was not filed on or before April 7, 2005, the instant Motion is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2255 is not jurisdictional and is subject to equitable tolling in appropriate extraordinary circumstances.  **See Miller v. Marr**, 141 F.3d 976, 978 (10th Cir. 1998) (holding that equitable tolling applies to one-year limitation period in 28 U.S.C. § 2244(d)); **see also United States v. Willis**, 202 F.3d 1279, 1281 n. 3 (10th Cir. 2000) (applying **Miller** to a § 2255 motion).  The limitation is subject to tolling "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." **Marsh v. Soares**, 223 F.3d 1217, 1220 (10th Cir. 2000).  Mr. Roe has the burden of demonstrating that equitable tolling should apply.  **Miller**, 141 f.3d at 978.  Mr. Roe, however, makes no argument to justify his failure to file the instant motion in a timely manner.  Therefore, equitable tolling is not appropriate in this action.

With respect to Movant's request in Claim Three, Movant may not challenge the validity of his conviction and sentence pursuant to a petition for writ of coram nobis, because he still is in custody pursuant to the conviction he seeks to challenge.  **See United States v. Torres**, 282 F.3d 1241, 1245 (10th Cir. 2002).  Further, he may not avoid the time bar under § 2255 simply by styling a motion as a petition for writ of coram nobis rather than as a motion to vacate pursuant to § 2255.

As for Claim Two, to the extent that Movant is challenging the BOP's failure to award him credit for presentence confinement, the claim is more properly raised in a 28

4

U.S.C. § 2241 action. A § 2241 application attacks the execution of a sentence, whereas a § 2255 motion attacks the legality of the sentence. ***Bradshaw v. Story***, 86 F.3d 164 (10th Cir. 1996). Accordingly, it is

ORDERED that the 28 U.S.C. § 2255 Motion filed on August 23, 2005, is denied and the civil action is dismissed.

DATED at Denver, Colorado, this __21__ day of __Sept.__, 2005.

BY THE COURT:

_____
EDWARD W. NOTTINGHAM
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01629-EWN
Criminal Case No. 01-cr-00262-EWN

## CERTIFICATE OF MAILING

I hereby certify that a copy of the Order Denying 28 U.S.C. § 2255 Motion signed by Judge Edward W. Nottingham on September 21, 2005 was served on September 22, 2005 by hand-delivery, where a "D.C." box number or asterisk (*) is indicated after the recipient's name, by electronic mail to the electronic mail address specified where a double asterisk (**) is indicated after the recipient's name, or otherwise by depositing it in the United States mail, postage prepaid, addressed to the recipient:

James Douglas Roe
Reg. No. 30500-013
Federal Correctional Institution
P.O. Box 6000
Florence, CO 81226-6000

Office of the United States Attorney*

GREGORY C. LANGHAM, CLERK

By _____
Secretary or Deputy Clerk